[Cite as *State v. Bryant*, 2011-Ohio-5948.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                        :        C.A. CASE NO.    24369

v.                                               :        T.C. NO.    09CR3518

AERIAWN BRYANT                                   :          (Criminal appeal from
                                                            Common Pleas Court)
    Defendant-Appellant                   :

                                                 :

        . . . . . . . . . .

**O P I N I O N**

Rendered on the ___18th___ day of ___November___, 2011.

. . . . . . . . . .

TIMOTHY J. COLE, Atty. Reg. No. 0084117, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, Talbott Tower, Suite 1210, 131 N. Ludlow Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the delayed Notice of Appeal of Aeriawn Bryant, filed December 2, 2010.  On October 23, 2009, Bryant was charged by way of complaint with one count of domestic violence (knowingly) (two priors), in violation of R.C.

2919.25(A), a felony of the third degree, in Vandalia Municipal Court. On November 17, 2009, Bryant was indicted for the same offense in the Montgomery County Court of Common Pleas. Bryant entered a plea of not guilty. Bryant withdrew her not guilty plea on December 21, 2009, and she entered a plea of no contest. At the plea hearing, the court reviewed the parties' plea agreement as follows:

**{¶ 2}** "And the court's understanding of the plea agreement is that Miss Bryant will plead no contest to the indicted charge of domestic violence which is a felony of the third degree. In return for that no contest plea, the state, regarding sentencing, will be silent, will give no input into the presentence investigation report.

**{¶ 3}** "The defense will give full input and the court will then, based upon all the information in the pre-sentence investigation report, again, including input from the defense but no input from the prosecutor, the court will then decide whether to place Miss Bryant on probation or impose a prison sentence so there's no guarantee of probation.

**{¶ 4}** "But one other thing and that is the state, if the - - and the pre-sentence investigation report will also include a screening for possible participation in the MONDAY program. And if the choice is either the MONDAY program or a prison sentence, the recommendation of the state will be in that situation the state will recommend that the court do the MONDAY program which would be a condition of probation and certainly the court will take that into consideration and give weight to the fact that the prosecutor is recommending MONDAY as opposed to prison.

**{¶ 5}** "But again, no guarantee of the MONDAY program or probation. The court will decide the sentence after the court reviews the pre-sentence investigation report."

{¶ 6}   On January 15, 2010, the trial court sentenced Bryant to a two year term.[1]

{¶ 7}   At her sentencing hearing, Bryant made the following statement:

{¶ 8}   " * * * the [MONDAY PROGRAM] would keep me from being away from my children and taking care of the things that I need to take care of.   And since I've been in here, it's difficult.   And I got to be  - - they make a point where I have to be cuffed and shackled because of a incident that happened with me and another female last week.

{¶ 9}   "And * * * being incarcerated somewhere else is going to put more - - cause me more depression and more stress and this whole situation has been stressful every (sic) since I've been here.   And just wanted this stuff to be over so I can move on with my life."

{¶ 10} Counsel for Bryant then noted that the victim herein was not injured, that this was Bryant's first felony offense, and the Bryant "realized that this was an egregious mistake as relates to improperly disciplining and caring for her child."   Defense counsel requested that the court impose community control sanctions.

{¶ 11} Prior to imposing sentence, the trial court noted that "there were two different versions of what happened here.   Pre-sentence report indicates that the librarian stated that as your son continued to cry, defendant turned to her son, son is one and a half to two years old, and punched him the face with a closed fist and stated, you little so-and-so, I'm going to beat your so-and-so for getting us kicked out.

{¶ 12} "Now when you were interviewed in the pre-sentence report, what is says regarding your version: When further questioned by this officer, Miss Bryant did admit she

---

[1]We note, although not addressed by the parties, that the Termination Entry contains a clerical error in that it provides that Bryant pled guilty, instead of no contest, to the domestic violence charge.

open-handed slapped her son on the hands and arms, but did so only on one occasion. When further questioned as to the instant offense, Miss Bryant admitted she had slapped her son on the hands and arms approximately four times but at no time did she ever strike him with a closed fist or punch or slap him in the facial region. When asked why she committed the offense, she stated she did so, quote, because he was throwing tantrums." The court noted that when Bryant was questioned further, she became enraged and hung up the telephone on the interviewing officer.

{¶ 13} The court found "even more disturbing" that Bryant has "a very long and persistent history of violence," beginning as a juvenile in April, 2001, when she received counseling and probation supervision. The court noted that in May, 2001, Bryant was placed in the Dora Tate Juvenile Program for aggravated menacing, and in September, 2001, she was again in juvenile court for another domestic violence charge. Further, the court noted that Bryant was in juvenile court in December, 2001, for disorderly conduct, in which instance she was ordered to write a letter of apology and again received probation. The court remarked, "So probation, probation, probation yet you still keep doing stuff." The court then noted as follows: in August, 2002, Bryant was in juvenile court for a domestic violence charge, for which she again received probation; in 2004 and 2005 she received suspended commitments to the Department of Youth Services for domestic violence; in 2006, Bryant violated a court order and was placed on electronic home detention, which was unsuccessfully terminated.

{¶ 14} The court further noted that when Bryant was an adult, on May 27, 2008, Dayton police officers were dispatched to an address on a criminal damaging call, where

Bryant had slashed the victim's tires after sending him threatening text messages and voice mails. The court noted that while Bryant was on probation for that offense, she was charged with endangering children in Vandalia Municipal Court, "involving the same son of yours who is the victim in the latest charge where you left him outside unattended and refused to retrieve him in 30-degree temperatures so in that case you were placed on probation" in April 2009. The court noted that in June, 2009, Bryant absconded.

{¶ 15} The court concluded as follows: "And I assume every time you come before the judge and say what you kind of just said now, you want to get moving on with your life and get it behind you, that sort of thing, but you continue to commit these acts of violence even while you're on probation. And you committed this most recent domestic violence against your son while you are on probation for endangering your son.

{¶ 16} "And, you know, then there's this problem of how you behave in custody. While this whole thing is pending, as I already said, you were enraged, you hung up on the writer of the pre-sentence report but there's also this.

{¶ 17} "It says: At the time this officer interviewed Miss Bryant * * * it was noticed that she was wearing a jail jump suit reserved for those being placed on administrative segregation while incarcerated. In speaking with the jail staff, this officer was able to ascertain since her incarceration, Miss Bryant has been totally non compliant by refusing to abide by any orders as required by the jail staff.

{¶ 18} "In addition, too, Miss Bryant has had numerous narratives for being disrespectful and cursing at jail officers, refusing to roll over, threatening female jail staff with physical harm as well as threatening bodily fluids to be spit and thrown at them."

{¶ 19} After considering the forgoing, the court determined that Bryant was not an appropriate candidate for probation, and sentenced her to the two year term.

{¶ 20} Bryant asserts one assignment of error herein as follows:

{¶ 21} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO CONSIDER ALL OF THE SERIOUSNESS AND RECIDIVISM FACTORS THAT APPLIED REGARDING APPELLANT, AS IS REQUIRED BY SECTION 2929.12 OF THE OHIO REVISED CODE."

{¶ 22} "The Supreme Court of Ohio, in a plurality opinion, has recently held that felony sentences are to be reviewed under a two-step process. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶ 26. The *Kalish* Court held,

{¶ 23} "'First, [appellate courts] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.'" *State v. Wright*, Montgomery App. No. 24276, 2011-Ohio-4874, ¶ 87-88.

{¶ 24} We initially note that Bryant's sentence falls within the statutory range for a felony of the third degree. R.C. 2929.14(3)(b). When a trial court imposes a sentence within the applicable statutory range, the court is required to consider the purposes and principles set forth in R.C. 2929.11 as well as the recidivism factors enumerated in R.C. 2929.12. *State v. Hawkins*, Greene App. No. 06CA79, ¶ 8, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855.

{¶ 25} According to Bryant, the Court specifically "failed to consider whether there were substantial grounds to mitigate Appellant's conduct, although the grounds were not enough to constitute a defense," pursuant to R.C. 2929.12(C)(4), and the court failed to "address in its statement at the sentencing hearing the question of whether Appellant had shown genuine remorse," pursuant to R.C. 2929.12(E)(5).

{¶ 26} R.C. 2929.12(C) provides in relevant part:

{¶ 27} "The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

{¶ 28} " * * *

{¶ 29} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."

{¶ 30} R.C. 2929.12(E) provides in relevant part:

{¶ 31} "The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

{¶ 32} "* * *

{¶ 33} "(5) The offender shows a genuine remorse for the offense."

{¶ 34} "'Upon a record that is silent with respect to the trial court's consideration of the factors set forth in R.C. 2929.12, a presumption arises that the trial court complied with its duty to consider those factors.' *State v. Smith*, Montgomery App. No. 19419, 2001-Ohio-1854, 2001 WL 1857444, ¶ 12. To overcome that presumption, a defendant

must demonstrate that his sentence is 'strikingly inconsistent' with the applicable factors of R.C. 2929.12. Id." *State v. Curran*, Clark App. No. 2005 CA 22, 2006-Ohio-773, ¶ 29.

{¶ 35} At the sentencing hearing, the trial court afforded both Bryant and her defense counsel the opportunity to speak prior to imposing sentence. Pursuant to the plea agreement, the State agreed not to provide input into the pre-sentence investigation report, upon which the court heavily relied, while Bryant had the opportunity to do so. While the trial court did not specifically mention R.C. 2929.12 at the hearing or in its Termination Entry, the trial court is not required to discuss every factor therein, and we presume that the court fully considered all relevant factors, including grounds to mitigate Bryant's conduct and the existence of genuine remorse on her part. Regarding Bryant's alleged remorse, we note that her comments regarding the difficulties she faced in jail from being shackled, and the resulting stress, do not suggest contrition or regret for her actions against her young son. Furthermore, Bryant's version of the domestic violence minimized her conduct and sought to justify her actions. This hardly constitutes remorse for the violence perpetrated upon a toddler.

{¶ 36} The trial court expressed legitimate concern about Bryant's lengthy history of violence and the continuation of her assaultive behaviors while she was in jail, noting further that she committed a second offense against her son while on probation for endangering him. We find that the court demonstrated a thoughtful and thorough consideration of Bryant's sentence. Since Bryant's sentence is not contrary to law, and an abuse of discretion is not demonstrated, Bryant's sole assigned error is overruled.

{¶ 37} The judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Timothy J. Cole
Jeffrey T. Gramza
Hon. Dennis J. Langer